UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LONESTER COLEMAN, *Pro Se*, | ) | Case No.: 1:25 CV 1415 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| O.D.R.C., *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Respondent | ) | |

*Pro Se* Petitioner Lonester Coleman, a prisoner in the Mansfield Correctional Institution filed this Petition for a Writ of Mandamus under Ohio Revised Code § 2731.01. He contends he submitted a public request under Ohio Revised Code § 149.43(B)(1) and neither the Ohio Department of Rehabilitation and Correction ("ODRC") nor subcontractor Viapath complied with his request. He asks this Court to order them to release the information he requested.

Petitioner also filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2). That Application is granted.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319

(1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998)

**Discussion**

This Court lacks subject matter jurisdiction over this case. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."

2

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law, as no other basis for subject matter jurisdiction arguably applies. In determining whether a claim arises under federal law, the Court looks only to the well-pled allegations of the pleading and ignores potential defenses that may be raised. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).

Here, Petitioner filed a Petition for a Writ of Mandamus under an Ohio statute that authorizes the Ohio Supreme Court, Ohio Appellate Courts and Ohio Common Pleas Courts to compel Ohio agencies to comply with Ohio law. The Petition does not raise a federal question. This Court lacks jurisdiction to grant relief under state law.

Furthermore, this Court cannot construe his request as arising under federal law. The federal statute authorizing mandamus relief, 28 U.S.C. § 1361, provides the district court with mandamus jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To obtain relief under § 1361, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See Heckler v. Ringer,* 466 U.S. 602, 616-17, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984); *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir.1995); *Ryon v. O'Neill,* 894 F.2d 199, 205 (6th Cir.1990). Here, Plaintiff seeks relief from a state government agency and a state government contractor, not from a federal employee. This federal Court lacks subject matter jurisdiction to order a state agency to comply with a state statute.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

September 10, 2025